UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLEN STEWART,

    Petitioner,

v.                                                  Case No. 8:07-cv-1792-T-23AEP

SECRETARY,
    Department of Children and Families,

    Respondent.
                                         /

## **O R D E R**

Stewart petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his civil commitment pursuant to Florida's Jimmy Ryce Act, Sections 394.910, et. seq., Florida Statutes. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 9) The respondent admits the petition's timeliness. (Response at 10 Doc. 9)

## **FACTS**

In 2004 the state filed a petition seeking Stewart's civil commitment as a sexually violent predator when his prison sentence expired. Based on the expert testimony of two state witnesses and one defense expert witness, in 2005 a jury unanimously found Stewart a sexually violent predator and the state court entered a "Sexually Violent Predator Judgment and Commitment Order." (Respondent's Exhibit 2 at 44)

## STANDARD OF REVIEW

A habeas petition pursuant to 28 U.S.C. § 2254 is the proper avenue for challenging a state civil commitment judgment.

> Incarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the "in custody" requirement in § 2254 cases. But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute. For example, federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt.

Duncan v. Walker, 533 U.S. 167, 176 (2001). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. See Walker v. Hadi, 611 F.3d 720 (11th Cir. 2010) (applying AEDPA standard of review in a Section 2254 challenge to a Jimmy Ryce Act civil commitment order), petition for cert. filed September 1, 2010.

Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

>In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002).  See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  Moreover, the phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

In a per curiam decision without a written opinion, the state appellate court on direct appeal affirmed Stewart's order of confinement.  (Respondent's Exhibit 1C)  The state appellate court's per curiam affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and

- 3 -

reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Stewart bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).

Ground One:

Stewart alleges that the trial court erred in declaring him a sexually violent predator because the state failed to prove the required predicate violent offenses. Stewart's five year sentence for child abuse was expiring when the state filed the civil commitment petition. The underlying facts of the child abuse show that the 1999 offense was sexually motivated.[1] In 1989 Stewart, then thirteen years old, pleaded no contest to three counts of sexual battery.[2] Stewart's stipulation at trial waived the state's proving the required predicate violent offenses. At the conclusion of the state's case, the

---

[1] A state's expert witness, Dr. Jensen, testified that, during Stewart's interview, Stewart admitted to threatening a seven year old girl with a baseball bat, dragging her off a bicycle and into a trailer where he ran his hand over her clothes from her groin to her breasts, ordering her to remove all of her clothes, and masturbating in front of her. Stewart was twenty-three years old when this occurred. He knew the girl and her family. Stewart was charged with sexual battery but negotiated a plea to child abuse. (Respondent's Exhibit 2 at 81-84)

[2] Stewart was "placed on community control for an indefinite period of time, not to exceed nineteen years old . . . ." (Respondent's Exhibit 2 at 51) Dr. Jensen testified that his interview with Stewart revealed that Stewart coerced both an eight and a five year old boy into mutual acts of fellatio and attempted to perform anal sex, and that Stewart engaged in mutual acts of oral sex and partial penetration of a three year old girl's vagina with his penis. (Respondent's Exhibit 2 at 74)

prosecutor offered into evidence Stewart's prior judgments and the trial judge read the parties' stipulation.

| | |
|---|---|
| [The Prosecutor]: | Judge, this has previously been marked as State's Exhibit One for Identification.  I have previously shown it to the defense.  It consists of judgment and sentences to include a 1989 judgment and sentence for three counts of sexual battery, so these constitute the convictions that we have been speaking of.  A 1996 judgment and sentence—a conviction for grand theft.  A 1996 judgment and sentence for burglary, and a 1999 judgment and sentence conviction for child abuse.  And I offer them into evidence as the convictions we have been speaking of. |
| The Court: | Any objection? |
| [Defense Counsel]: | No objection. |
| The Court: | Let them be received. |
| [The Prosecutor]: | Judge, also at this time I would ask the Court to read a stipulation of fact that has been agreed to by and between the State and the Respondent.  May I approach, Judge? |
| The Court: | You may.  This is a stipulation.  It is stipulated and agreed to by the State and the Respondent that the following facts are proven.  The Respondent, Olen Stewart, has been convicted of the following crimes.  One, sexual battery in three counts, November the 9th, 1989, sentenced to indefinite community control.  Second, burglary, September 26, 1996, sentenced to three years.  Three, grand theft, December 26, 1996, sentenced to 32.7 months in prison, concurrent with the above.  And I'm going to explain what concurrent means.  It means running at the same time.  Four, child abuse, December 18, 1999, sentenced to five years in prison.  Is that the stipulation, gentleman? |
| [The Prosecutor]: | It is, Your Honor. |
| [Defense Counsel]: | Yes, Your Honor. |

> The Court:  And you should consider this stipulation of facts as you
> would other facts that you have been satisfied has
> been proven.

(Respondent's Exhibit 2 at 300-01).  Stewart's appellate brief challenged the state's failure to prove the predicate violent offenses.  The state court's per curiam affirmance presumably accepted and applied the state's procedural default argument.  "[W]hen a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default."  Bennett v. Fortner, 863 F.2d 804, 807 (11th Cir.), cert. denied, 490 U.S. 1071 (1989).  See also Nichols v. Wainwright, 783 F.2d 1540, 1542 (11th Cir. 1986) ("[T]his court may presume, in the absence of any evidence to the contrary, tha[t] an established default rule which was briefed to a state court was applied by that court when it affirmed a conviction without opinion.").

The doctrine of procedural default generally prohibits a federal court from considering a specific habeas claim if the state court declined to reach the merits of that claim on procedural grounds.  See Murray v. Carrier, 477 U.S. 478 (1986); Engle v. Isacc, 456 U.S. 107 (1982).  Only upon a showing of "actual cause" and "prejudice," or "manifest injustice," is a federal court permitted to entertain a procedurally defaulted claim.  Murray v. Carrier, 477 U.S. at 492; Engle v. Isacc, 456 U.S. at 129; Wainwright v. Sykes, 422 U.S. 72 (1977).

To demonstrate "cause" for his procedural default, Stewart must justify his failure to comply with Florida's procedural rules.  In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state

- 6 -

procedural rules." Murray v. Carrier, 477 U.S. at 488. See Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). Even if he shows cause for his procedural default, Stewart must show prejudice arising from the alleged constitutional error. A petitioner must show that he suffered actual prejudice, "not merely that the errors of the trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis original). Accord Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991). In essence, to show actual prejudice, Stewart must demonstrate that the alleged errors so infected the proceeding that the trial's outcome violates due process. Stewart fails to meet his burden.

As an alternative to showing "cause and prejudice," Stewart must show that dismissal of the procedurally defaulted ground will result in a "fundamental miscarriage of justice," an especial difficulty because Stewart must demonstrate "actual innocence" of the crime of conviction. See Smith v. Murray, 477 U.S. 527, 537 (1986) (citing Murray v. Carrier, 477 U.S. at 496). See also Engle v. Isacc, 456 U.S. at 134-35, and Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995)[3] (denying certificate of probable cause) (petitioner must show "as a factual matter that he did not commit the crime of conviction."). Additionally, to meet the "fundamental miscarriage of justice" exception, Stewart must show constitutional error coupled with "new reliable evidence – whether it be exculpatory

---

[3] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Stewart meets neither the "cause and prejudice" nor the "fundamental miscarriage of justice" exception. Consequently, this ground is both waived and procedurally barred from review on the merits.

Ground Two

Stewart alleges that the trial court erred in denying his motion to discharge his trial attorney. On February 16, 2004, the state filed the petition for civil commitment. Five months later Stewart filed a motion to discharge appointed counsel, which motion was argued the following month. After discussing the issue and considering the alternatives, Stewart "changed his mind."

> [Defense Counsel]: I recognize it is a civil case and maybe Faretta does or does not apply, but his liberty interest . . . is lost for an extended period of time. I'd ask the Court to consider making a Faretta type inquiry at this time.
>
> The Court: Do you wish to represent yourself because if you do, I mean, the prosecutor would love that.
>
> The Defendant: No, Your Honor.

(Respondent's Exhibit 2 at 67) Stewart contends that the above exchange fails to meet the requirements of Faretta v California, 422U.S. 806 (1975).

The Sixth Amendment right to counsel, including the right to self-representation as recognized in Faretta, applies only to criminal cases. Because no Supreme Court decision states that the Sixth Amendment right to counsel applies to civil commitment proceedings, the state court's rejecting ground two was neither contrary to nor an unreasonable application of controlling Supreme Court authority. See Carey v.

- 8 -

Musladin, 549 U.S. 70, 77 (2006) (when the Supreme Court has not decided an issue, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law'"). A defendant in a civil commitment proceeding is not entitled to all of the constitutional protections afforded a criminal defendant.

> In the context of a habeas case, it is not our role to determine whether the Fourteenth Amendment's due process clause should match that guaranteed by the Sixth Amendment and Crawford [v. Washington, 541 U.S. 36 (2004)]; we are limited to determining whether the U.S. Supreme Court has 'clearly established' that such a right exists. [T]he state court was under no obligation to widen the scope of Crawford to a context not yet decided by the U.S. Supreme Court. Accordingly, the state court's decision, to the extent that it admitted testimonial hearsay at Walker's civil commitment proceeding [that was inadmissible if Crawford applied], was not contrary to, nor an unreasonable application of, clearly established Federal law. 28 U.S.C. § 2254(d)(1).

Walker v. Hadi, 611 F.3d at 724. Consequently, ground two lacks merit.

Grounds Three and Four

Stewart argues that the Jimmy Ryce Act violates the Double Jeopardy Clause of the Constitution (ground three) and is both void for vagueness and overbroad (ground four). Both grounds present an "as applied" challenge. Stewart presented neither claim to the trial court and, as discussed earlier in ground one, the state court's per curiam affirmance presumably accepted and applied the state's procedural default argument. Stewart shows neither "cause and prejudice" nor "manifest injustice" to overcome to procedural default. Additionally, Stewart's "as applied" argument is foreclosed by Selig v. Young, 531 U.S. 250, 267 (2001) ("An Act, found to be civil, cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy and Ex Post Facto Clauses and provide cause for release.").

Accordingly, Stewart's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Stewart and close this case.

ORDERED in Tampa, Florida, on September 30, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE